Nick Beduhn
2013 Shoshoni Trail S
Cody, WY 82414
307.899.2827
nb@qwestoffice.net
Pro se



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff | ) ) | |
| vs | ) ) | Case No. 18-CV-28-F |
| NICK E. BEDUHN; GOPPERT, SMITH & BEDUHN; JURT ACTON; TANNER BEEMER; and DAROLD BROWN, | ) ) ) ) | |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIM

COMES NOW, the Defendant, and respectfully Answers and Counterclaims the Complaint filed by ALPS Property & Casualty Insurance requesting Declaratory Judgment pursuant to F.R.C.P 57. . In support of this Answer and Counterclaim, the defendant responds as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit to the best of Defendant's knowledge.
6. Admit to the best of Defendant's knowledge.

1

8. Admit that diversity exists between ALPS and the Defendants, and cannot admit or deny the remainder of the paragraph.
9. Admit.

## GENERAL ALLEGATIONS

### I. Wyoming Bar Complaints and GSB Defendants' Misrepresentations to ALPS

10. Admit to best of Defendant's knowledge.
11. Admit that was language in the complaint.
12. Admit.
13. Admit.
14. Admit.
15. Admit.
16. Admit to best of Defendant's knowledge.
17. Admit.
18. Admit.
19. Admit.
20. Admit.
21. Admit.
22. Admit.
23. Admit.
24. Admit.
25. Amit.
26. Admit.
27. Admit.
28. Admit.
29. Admit.
30. Admit to the best of Defendant's knowledge.
31. Admit.
32. Admit.
33. Admit to the best of Defendant's knowledge.

### II. July 2017 Report and Suspension Order

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

40. Admit.

41. Admit.

42. Admit.

### III. The Suits

43. Admit.

44. Admit.

#### A. Acton Suit

45. Admit to the best of Defendant's knowledge.

46. Admit to the allegations in the Complaint.

47. Admit to the allegations in the Complaint.

48. Admit to the allegations in the Complaint.

49. Admit to the allegations in the Complaint.

50. Admit to the allegations in the Complaint.

51. Admit to the allegations in the Complaint.

#### B. Beemer Suit

52. Admit to the allegations in the Complaint.

53. Admit to the allegations in the Complaint.

54. Admit to the allegations in the Complaint.

55. Admit to the allegations in the Complaint.

56. Admit to the allegations in the Complaint.

57. Admit to the allegations in the Complaint.

#### C. Brown Suit

58. Admit to the allegations in the Complaint.

59. Admit to the allegations in the Complaint.

60. Admit to the allegations in the Complaint.

61. Admit to the allegations in the Complaint.
62. Admit to the allegations in the Complaint.
63. Admit to the allegations in the Complaint.

### IV. The Policies

#### A. 2016 Policy

64. Admit to the best of the Defendant's knowledge.
65. Admit to the best of the Defendant's knowledge.
66. Admit to the best of the Defendant's knowledge.
67. Admit to the best of the Defendant's knowledge.
68. Admit to the best of the Defendant's knowledge.
69. Admit to the best of the Defendant's knowledge.
70. Admit to the best of the Defendant's knowledge.
71. Admit to the best of the Defendant's knowledge.
72. Admit to the best of the Defendant's knowledge.
73. Admit to the best of the Defendant's knowledge.
74. Admit to the best of the Defendant's knowledge.
75. Admit to the best of the Defendant's knowledge.
76. Admit to the best of the Defendant's knowledge.
77. Admit to the best of the Defendant's knowledge.

#### B. 2017 Policy

78. Admit to the best of the Defendant's knowledge.
79. Admit to the best of the Defendant's knowledge.
80. Admit to the best of the Defendant's knowledge.
81. Admit.
82. Admit to the best of the Defendant's knowledge.
83. Admit to the best of the Defendant's knowledge.
84. Admit to the best of the Defendant's knowledge.
85. Admit to the best of the Defendant's knowledge.
86. Admit to the best of the Defendant's knowledge.
87. Admit to the best of the Defendant's knowledge.
88. Admit to the best of the Defendant's knowledge.

89. Admit to the best of the Defendant's knowledge.
90. Admit to the best of the Defendant's knowledge.
91. Admit to the best of the Defendant's knowledge.

### V. Notice to ALPS and ALP's Coverage Position

92. Defendant is unaware to either Admit or Deny.
93. Defendant is unaware to either Admit or Deny.
94. Defendant is unaware to either Admit or Deny.
95. Admit.
96. Admit.

### FIRST CAUSE OF ACTION

### (For a Declaration the 2016 Polilcy Does Afford Coverage to the GSB Defendants for the Suits)

97. Not applicable.
98. Admit to the best of Defendant's knowledge.
99. Admit.
100. Admit.
101. Deny.
102. Deny.
103. Deny.
104. Admit that they were submitted to Bar Counsel
105. Admit to the best of Defendant's knowledge.
106. Deny.
107. Admit.
108. Admit.
109. Deny, as Defendant was unaware of a potential lawsuit at the time.
110. Deny.
111. Deny.
112. Deny.
113. Deny.
114. Deny.
115. Deny..

116. Deny.
117. Admit.
118. Admit to the allegations in the Complaints.
119. Deny.
120. Admit to the exclusions, but deny such a finding.
121. Admit to the allegations in the Complaint.
122. Admit to the allegations in the Complaint, but deny any findings.
123. Admit.
124. Admit to the allegations in the Complaints.
125. Admit to the allegations in the Complaints.
126. Admit.
127. Deny.
128. Admit.
129. Deny.

## SECOND CAUSE OF ACTION
### (For a declaration the 2017 Policy Does not Afford Coverage to the GSB Defendants for the Suits)

130. Not applicable.
131. Admit to the best of Defendant's knowledge.
132. Admit to the best of Defendant's knowledge.
133. Admit.
134. Admit.
135. Deny.
136. Deny all and all subparts.
137. Admit.
138. Admit.
139. Admit to the best of Defendant's knowledge.
140. Deny.
141. Deny to the best of Defendant's knowledge.
142. Admit to the best of Defendant's knowledge.

143. Deny in the time frame of notice, admit to reporting to ALPS.
144. Admit.
145. Admit to the best of Defendant's knowledge.
146. Admit to the best of Defendant's knowledge.
147. Admit to the allegations contained in the Complaints.
148. Admit to the best of the Defendant's knowledge.
149. Admit to the best of the Defendant's knowledge.
150. Admit to the allegations contained in the Complaints.
151. Deny.
152. Admit to the best of the Defendant's knowledge.
153. Admit to the allegations contained in the Complaints.
154. Deny as this is an allegation.
155. Admit to the best of Defendant's knowledge.
156. Admit to the allegations contained in the Complaints.
157. Admit to the allegations contained in the Complaints.
158. Admit.
159. Deny.
160. Admit.
161. Deny.

## COUNTERCLAIM
## FIRST CAUSE OF ACTION-BREACH OF CONTRACT

1. The Defendant hereby realleges the allegations contained in paragraphs 1 through 161 and incorporate the same herein.

2. The Defendants' malpractice suits were not foreseen, and these suits have not been adjudicated.

3. Pursuant to the 2016 and 2017 policy, the Defendant believed ALPs would defend the Defendants (GSB and Beduhn), and until it is litigated, the Complaints are merely allegations.

4. The request for declaratory judgment relies mainly on Complaints filed by the Defendants, Beemer, Acton and Brown, and this is conclusory.

5. Pursuant to the 2016 and 2017 Policy, other allegations arise that ALPS agree to defend said Defendants (GSB and Beduhn).

## **SECOND CAUSE OF ACTION-BREACH OF DUTY GOOD FAITH AND FAIR DEALING**

6. The Defendant hereby realleges the allegations contained in paragraphs 1 through 5.

7. The Brown complaint was unknown to the Defendant pursuant to the request to ALPS for the 2016 policy when filled out.

8. Defendant worked towards a resolution outside of suspension with the State bar, believing the matters would be settled.

9. It was unforeseeable that a legal malpractice suit would be filed on behalf of the Defendants, Beemer, Acton and Brown.

10. As soon as Smith was served with those Complaints, ALPS was notivied.

11. As soon as Defendant Beduhn was served with those Complaints, he contacted ALPS via email.

12. ALPS immediately denied the claim and there was an immediate lack of communication.

13. ALPS has not discussed the merit of the claims with Defendant Beduhn, and again relies on allegation contained within those Complaints for their request for Declaratory Judgment.

14. ALPS lack of communication, and this resulting Complaint in Federal Court, further show their unwillingness to communicate with Defendant Beduhn.

## THIRD CAUSE OF ACTION-BREACH OF REPRESENTATION AND WARRANTIES

15. The Defendant hereby realleges the allegations contained in paragraphs 1 through 14.

16. Defendants (GSB and Beduhn) believed that these lawsuite were reported in a timely manner, and ALPS has failed their representation and warranties of their policies (2017 and 2018).

17. Defendant reserves to right to amend his Causes of Action as they become known to him.

### AFFIRMATIVE DEFENSES

1. ALPS is barred from recovery, in whole or in part, by the Doctrine of Unclean Hands.

2. ALPS is barred from recovery, in whole or in part, by the Doctrine of Laches, Acquiescence and Waiver.

3. ALPS damages, if any, are offset by the injury it has caused to Defendant Beduhn.

4. ALPS request for Declaratory Judgment is based off allegations in Complaints, and is premature.

5. The Defendant reserves the right to amend its affirmative defenses as new information is acquired through discovery or the course of the proceedings.

WHEREFORE, the Defendant requests:

    (1)    That the Plaintiff take nothing by virtue of the Complaint;

    (2)    That the Court determine Defendants' damages for the Plaintiff's breach of duty of good faith and fair dealing, breach of contract, and breach of representation and warranties.

    (4)    For all costs relating to this suit including attorney fees and costs; and

    (5)    For such other relief as may be deemed appropriate by the Court.

DATED this 28 day of March, 2018.

                                                                       _____
Nick Beduhn
2013 Shoshoni Trail S
Cody, WY 82414
307.899.2872
Pro se

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I served a copy of the foregoing Answer and Counterclaim, by mailing a copy thereof addressed to Paul Kapp and Patick Brady, 1725 Carey Ave, P.O. Box 328, Cheyenne, WY 82001 by regular United States mail, postage prepaid, this 28 day of March, 2018.

                                                                       _____
Nick Beduhn