Paul Kapp – WSB #5-2267
Patrick M. Brady – WSB #7-5494
SUNDAHL, POWERS, KAPP & MARTIN, LLC
1725 Carey Avenue
PO Box 328
Cheyenne, Wyoming 82003
(307) 632-6421
pkapp@spkm.org
pbrady@spkm.org

Kevin D. Hartzell (*pro hac vice*)
Brooke H. McCarthy (*pro hac vice*)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, Nebraska 68102
Telephone: (402) 346-6000
Email: kevin.hartzell@kutakrock.com
Email: brooke.mccarthy@kutakrock.com

*Counsel for Plaintiff ALPS Property
& Casualty Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NICK E. BEDUHN; GOPPERT, SMITH & BEDUHN; KURT ACTON; TANNER BEEMER; and DAROLD BROWN,<br><br>Defendants. | Case No. 18-CV-28-F<br><br>**PLAINTIFF ALPS PROPERTY & CASUALTY INSURANCE COMPANY'S ANSWER TO DEFENDANT NICK E. BEDUHN'S COUNTERCLAIM** |

Plaintiff ALPS Property & Casualty Insurance Company ("ALPS"), pursuant to Federal Rules of Civil Procedure 8(b)-(c) and 12(a), for its answer to Defendant Nick E. Beduhn's ("Beduhn") counterclaim (ECF No. 10, pages 7-8) ("Beduhn's Counterclaim"), responds as follows:

## COUNTERCLAIM

### FIRST CAUSE OF ACTION –
### BREACH OF CONTRACT

1. ALPS states no response to Paragraph 1 of Beduhn's Counterclaim is required. To the extent a response is required, ALPS restates and incorporates its allegations in Paragraphs 1 through 161 of ALPS's Complaint for Declaratory Relief (ECF No. 1) ("ALPS's Complaint") as if fully set forth herein and denies the allegations in Paragraph 1 of Beduhn's Counterclaim.

2. In response to Paragraph 2 of Beduhn's Counterclaim, ALPS admits the following suits are pending against Beduhn and Defendant Goppert, Smith & Beduhn ("GSB" and together with Beduhn, "GSB Defendants") in the District Court for the County of Park, State of Wyoming: (a) the suit styled *Acton v. Beduhn and Goppert Smith & Beduhn*, Civil Action No. 28930 (Dist. Ct. Cty. of Park, Wyo.) ("Acton Suit"); (b) the suit styled *Beemer v. Beduhn and Goppert Smith & Beduhn*, Civil Action No. 28931 (Dist. Ct. Cty. of Park, Wyo.) ("Beemer Suit"); and (c) the suit styled *Brown v. Beduhn and Goppert Smith & Beduhn*, Civil Action No. 28932 (Dist. Ct. Cty. of Park, Wyo.) ("Brown Suit" and together with Acton Suit and Beemer Suit, "Suits"). ALPS denies the Suits were not foreseen.

3. In response to Paragraph 3 of Beduhn's Counterclaim, ALPS states it lacks sufficient information to form a belief as to the truth or falsity of Beduhn's alleged personal understanding of ALPS's obligations, if any, to the GSB Defendants with respect to the Suits under (a) Lawyers Professional Liability Insurance Policy No. ALPS7055-14 issued by ALPS to GSB for the policy period February 26, 2016 to February 26, 2017 ("2016 Policy"), and (b) Lawyers Professional Liability Insurance Policy No. ALPS7055-15 issued by ALPS to GSB for the policy period February 26, 2017 to February 26, 2018 ("2017 Policy" and together with

2016 Policy, "Policies"). By way of further response, ALPS states the Policies speak for themselves and, for the reasons described in ALPS's Complaint, ALPS has no duty to defend or indemnify the GSB Defendants against the Suits under the Policies. ALPS denies the remaining allegations in Paragraph 3 of Beduhn's Counterclaim.

4. In response to Paragraph 4 of Beduhn's Counterclaim, ALPS admits the allegations in the three separate complaints filed in the Suits ("Underlying Complaints") are described in ALPS's Complaint and the Underlying Complaints are attached as exhibits to ALPS's Complaint. By way of further response, ALPS states ALPS's Complaint and the exhibits attached to ALPS's Complaint speak for themselves, and to the extent the allegations in Paragraph 4 of Beduhn's Counterclaim mischaracterize the allegations in ALPS's Complaint or the exhibits attached to ALPS's Complaint, ALPS denies those allegations.

5. ALPS denies the allegations in Paragraph 5 of Beduhn's Counterclaim. By way of further response, ALPS states the Policies speak for themselves and, for the reasons described in ALPS's Complaint, the Policies do not afford coverage to the GSB Defendants for the Suits and ALPS has no duty to defend or indemnify the GSB Defendants under the Policies with respect to the Suits.

## SECOND CAUSE OF ACTION –
## BREACH OF DUTY GOOD FAITH AND FAIR DEALING

6. ALPS restates and incorporates its responses contained in Paragraphs 1 through 5 above as if fully set forth herein.

7. ALPS denies the allegations in Paragraph 7 of Beduhn's Counterclaim. By way of further response, ALPS states: (a) Defendant Darold Brown ("Brown"), a former client of Beduhn, submitted a complaint to the Wyoming Office of Bar Counsel ("Bar Counsel") on February 17, 2016; (b) Bar Counsel subsequently forwarded Brown's complaint to Beduhn;

3

(c) GSB submitted an application for the 2016 Policy to ALPS dated February 24, 2016 ("2016 Application"), seven days after Brown submitted his complaint against Beduhn to Bar Counsel; and (d) on February 24, 2016, GSB provided ALPS with Beduhn's completed Individual Attorney Supplement to the 2016 Application.

8. ALPS lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of Beduhn's Counterclaim.

9. ALPS denies the allegations in Paragraph 9 of Beduhn's Counterclaim.

10. ALPS admits GSB first notified ALPS of the Suits by correspondence from Travis Smith ("Smith") dated November 1, 2017. ALPS lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10 of Beduhn's Counterclaim.

11. ALPS admits Beduhn first notified ALPS of the Suits by correspondence dated November 17, 2017. ALPS lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 of Beduhn's Counterclaim.

12. ALPS admits it denied coverage for the GSB Defendants under the 2017 Policy with respect to the Suits by correspondence dated November 28, 2017. ALPS denies the remaining allegations in Paragraph 12 of Beduhn's Counterclaim.

13. In response to Paragraph 13 of Beduhn's Counterclaim, ALPS states it has not discussed the merits of the Suits with Beduhn, but ALPS has discussed the Suits with Smith, the primary contact for GSB, the Named Insured under the Policies. ALPS further states its November 28, 2017 correspondence, which denied coverage for the Suits under the 2017 Policy, invited Beduhn to provide ALPS with any information he contends may bear upon the coverage issues discussed in the November 28, 2017 correspondence, but Beduhn did not subsequently

contact ALPS or provide any additional information regarding the Suits to ALPS. By way of further response, ALPS states ALPS's Complaint and the Underlying Complaints speak for themselves. To the extent the allegations in Paragraph 13 of Beduhn's Counterclaim mischaracterize the allegations in ALPS's Complaint or the Underlying Complaints, ALPS denies those allegations.

14. ALPS denies the allegations in Paragraph 14 of Beduhn's Counterclaim.

## THIRD CAUSE OF ACTION –
## BREACH OF REPRESENTATION AND WARRANTIES

15. ALPS restates and incorporates its responses contained in Paragraphs 1 through 14 above as if fully set forth herein.

16. ALPS lacks sufficient information to form a belief as to the truth or falsity of the allegation in Paragraph 16 of Beduhn's Counterclaim regarding the GSB Defendants' "belie[f] that [the Suits] were reported in a timely manner." ALPS denies it breached any obligations owed the GSB Defendants under the Policies with respect to the Suits. ALPS denies the remaining allegations in Paragraph 16 of Beduhn's Counterclaim.

17. ALPS states Paragraph 17 of Beduhn's Counterclaim is a legal conclusion to which no response is required. To the extent a response is required, ALPS states the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Wyoming govern the amendment of Beduhn's Counterclaim and speak for themselves.

18. ALPS denies all other allegations in Beduhn's Counterclaim not specifically admitted in Paragraphs 1 through 17 above.

## AFFIRMATIVE AND OTHER DEFENSES

1. Beduhn's Counterclaim fails to state a claim against ALPS upon which relief can be granted.

2. Beduhn's Counterclaim is barred because, for the reasons described in ALPS's Complaint (ECF No. 1), the Policies do not afford coverage to the GSB Defendants for the Suits.

WHEREFORE, ALPS requests the Court dismiss Beduhn's Counterclaim and enter judgment in ALPS's favor as follows:

1. Declaring the 2016 Policy does not afford coverage to the GSB Defendants for the Suits and ALPS has no duty to defend or indemnify the GSB Defendants under the 2016 Policy;

2. Declaring the 2017 Policy does not afford coverage to the GSB Defendants for the Suits and ALPS has no duty to defend or indemnify the GSB Defendants under the 2017 Policy; and

3. Awarding ALPS such additional relief as shall be deemed appropriate in the circumstances, together with its costs and expenses.

DATED this 26th day of April, 2018.

Paul Kapp – WSB #5-2267
Patrick M. Brady – WSB #7-5494
SUNDAHL, POWERS, KAPP & MARTIN, LLC
PO Box 328
Cheyenne, Wyoming 82003
(307) 632-6421
pkapp@spkm.org
pbrady@spkm.org

and

Kevin D. Hartzell (*pro hac vice*)
Brooke H. McCarthy (*pro hac vice*)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, Nebraska 68102
Telephone: (402) 346-6000
Email: kevin.hartzell@kutakrock.com
Email: brooke.mccarthy@kutakrock.com
*Counsel for Plaintiff ALPS Property & Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2018, I caused *Plaintiff Alps Property & Casualty Insurance Company's Answer to Defendant Nick E. Beduhn's Counterclaim* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send email notification of such filing to the following:

J. Travis Smith, Esq.
GOPPERT, SMITH & BEDUHN
1309 Sheridan Avenue
Post Office Box 880
Cody, WY 82414
Email: jtseq37@gmail.com

*Counsel for Defendant Goppert, Smith & Beduhn*

David M. Clark, Esq.
Christopher J. King, Esq.
GREEAR CLARK KING, P.C.
1112 Robertson Avenue
Post Office Box 552
Worland, WY 82401
Email: dave@greearclarkking.com
Email: chris@greearclarkking.com

*Counsel for Defendants Kurt Acton, Tanner Beemer and Darold Brown*

I hereby certify that on April 26, 2018, I caused a copy of *Plaintiff Alps Property & Casualty Insurance Company's Answer to Defendant Nick E. Beduhn's Counterclaim* to be placed in the United States mail, first class postage prepaid, to the following:

Nick E. Beduhn
2013 Shoshoni Trail South
Cody, WY 82414

*Pro Se*

Patrick M. Brady