J. Travis Smith WSB# 5-2878
J. Travis Smith-Attorney
P.O. Box 880
Cody, WY 82414
(307) 272-4021
Jtsesq37@gmail.com
Pro se Defendant herein.

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 MAY 18 AM 10: 41

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. 18-CV-28-F ) ) |
| v. | ) ) |
| NICK E. BEDUHN; GOPPERT, SMITH & BEDUHN; KURT ACTION; TANNER BEEMER; AND DAROLD BROWN, | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANT'S ANSWER

**COMES NOW**, Defendant, "Smith" in the above-titled action, and submits

his Answer as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Admit.

2. Admit.

3. Admit.

4. Admit Goppert, Smith and Beduhn was a firm whose principle place of business was located in Cody, Wyoming. Earnest Goppert, Jr. has been deceased since March 2014, and Nick E. Beduhn having essentially abandoned the office on or about the day of his immediate suspension. (May 10, 2017)

5. Admit, on information and belief that Kurt Acton was a former client of Nick Beduhn's and a resident of Wyoming.

6. Admit, on information and belief that Tanner Beemer was a former client of Nick Beduhn's and a resident of Wyoming.

7. Admit, on information and belief that Darold Brown was a former client of Nick Beduhn's and a resident of Wyoming.

8. Admit

9. Admit.

## II. GENERAL ALLEGATIONS

### I. Wyoming Bar Complaints and GSB Defendants' Misrepresentation to ALPS

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit

18. Admit.

19. Admit

20. Admit
21. Admit.
22. Admit
23. Admit.
24. Admit.
25. Admit.
26. Admit.
27. Admit.
28. Admit.
29. Admit
30. Admit
31. Admit.
32. Admit.
33. Admit.

## II. July 2017 Report and Suspension Order

34. Admit.
35. Admit.
36. Admit.
37. Admit.
38. Admit.
39. Admit.
40. Admit.
41. Admit.
42. Admit.

### III. The Suits

43. Admit.

44. Admit.

### A. Acton Suit

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

### B. Beemer Suit.

52. Admit.

53. Admit.

54. Admit.

55. Admit.

56. Admit.

57. Admit

### C. Brown Suit

58. Admit.

59. Admit.

60. Admit.

61. Admit.

62. Admit.

63. Admit.

## IV. The Policies

### A. 2016 Policy

64. Admit.

65. Admit.

66. Admit.

67. Admit.

68. Admit.

69. Admit.

70. Admit.

71. Admit.

72. Admit.

73. Admit.

74. Admit.

75. Admit.

76. Admit.

77. Admit.

### B. 2017 Policy

78. Admit.

79. Admit.

80. Admit.

81. Admit.

82. Admit.

83. Admit.

84. Admit.

85. Admit.

86. Admit.

87. Admit.

88. Admit.

89. Admit.

90. Admit.

91. Admit.

### V. Notice to ALPS and ALP'S Coverage Position

92. Admit.

93. Admit.

94. Admit.

95. Deny, Defendant is without knowledge or information sufficient to form a belief of this claim.

96. Admit.

### FIRST CAUSE OF ACTION

### (For a Declaration the 2016 Policy Does Not Afford Coverage to the GSB Defendants for the Suits)

97. Admit paragraphs 1 through 96 are incorporated and re-alleged.

98. Admit.

99. Admit.

100. Admit.

101 Admit.

102. Admit the Brown Suit is outside the coverage afforded by the 2016 Policy because Nick Beduhn knew of Brown's bar complaint but deny that Nick Beduhn ever informed Travis Smith of this information. Admit Nick Beduhn should have

given notice to ALPS regarding his knowledge of the Bar Complaints per ALPS' policies and procedures. Admit that notice was not provided to ALPS until November 1, 2017.

103. Admit.

104. Admit.

105 Admit.

106. Admit.

107. Admit.

108. Admit.

109. Admit.

110. Admit.

111. Admit.

112. Admit.

113. Admit.

114. Admit

115. Admit.

116. Admit.

117. Admit.

118. Admit.

119. Admit, regarding the behavior of Nick Beduhn, but deny as far as Travis Smith is concerned.

120. Admit.

121. Admit the Beemer Suit alleges this and that Nick Beduhn acted without knowledge of Travis Smith.

122. Admit, regarding Nick Beduhn but deny regarding Travis Smith.

123. Admit.

124. Admit.

125. Admit.

126. Admit.

127. Admit.

128. Admit.

129. Admit

## SECOND CAUSE OF ACTION

### (For a Declaration the 2017 Policy Does not Afford Coverage to the GSB Defendants for the Suits)

130. Admit paragraphs 1 through 129 are incorporated and re-alleged.

131. Admit.

132. Admit.

133. Admit.

134. Admit

135. Admit.

136. Admit Nick Beduhn knew prior to the February 26, 2017 effective date of the policy of Bar Complaints and potential claims arising from such complaints. Deny he informed Travis Smith. Admit notice of Bar Complaints should have been provided to ALPS.

137. Admit

138. Admit.

139. Admit.

140. Admit.

141. Admit.

142. Admit.

143. Admit.

144. Admit.

145. Admit.

146. Admit.

147. Admit.

148. Admit.

149. Admit.

150. Admit.

151. Admit as to behavior of Nick Beduhn.

152. Admit.

153. Admit the claim alleges "GSB Defendants" mismanaged funds, but deny Travis Smith had knowledge of this.

154. Admit.

155. Admit.

156. Admit.

157. Admit. the Beemer suit alleges this.

158. Admit.

159. Admit.

160. Admit.

161. Admit.

**WHEREFORE IT IS RESPECTFULLY REQUESTED** that the Court enter the appropriate decision and that each side bear their own costs.

**Respectfully submitted** this 16th day of May, 2018.

_____
J. Travis Smith WSB# 5-2878
Defendant *Pro Se*
P.O. Box 880
Cody, WY 82414
(307) 272-4021
(307) 587-2287 FAX
Jtsesq37@gmail.com

### Certificate of Service

I, J. Travis Smith, certify that on this 16th day of May, 2018 I provided a true and correct copy of the forgoing Answer as follows:

| | |
|---|---|
| Paul Kapp<br>Sundahl, Powers, Kapp & Martin LLC<br>1725 Carey Avenue<br>Cheyenne, WY 82001 | [X] U.S. Mail<br>[X] Email to: pkapp@spkm.org<br>[X] Fax to: (307) 632-7216 |
| Christopher J. King<br>Greear, Clark, King P.C.
1112 Robertson Avenue<br>Worland, WY 82401 | [X] U.S. Mail<br>[ ] Email<br>[ ] Fax |

_____