# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>NICK E. BEDUHN; GOPPERT, SMITH & BEDUHN; KURT ACTON; TANNER BEEMER; and DAROLD BROWN,<br><br>    Defendants. | Case No. 18-cv-28-F |

## JOINT CASE MANAGEMENT PLAN

1. The names of counsel who attended the Rule 26(f) meeting and assisted in developing the Case Management Statement.

**Response**: A Rule 26(f) conference was held on June 21, 2018. Paul Kapp and Patrick Brady attended on behalf of Plaintiff ALPS Property & Casualty Company ("ALPS"). Travis Smith attended on behalf of Defendant Goppert, Smith, & Beduhn ("GSB"). Chris King was unable to attend on behalf of Defendants Kurt Acton, Tanner Beemer, and Darold Brown, but had an assistant available to provide any information regarding Mr. King's calendar. Nick E. Beduhn ("Beduhn") did not attend.

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response**: (a) Plaintiff is ALPS Property & Casualty Company. ALPS is 100% owned by ALPS Corporation. (ECF No. 2).

1

(b) Defendants are Nick E. Beduhn, Goppert, Smith & Beduhn, Kurt Acton, Tanner Beemer, and Darold Brown.

3. A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

**Response**:

(a) ALPS's Claims: This case involves a dispute with respect to coverage for claims ("Claims") against GSB and Beduhn (together, "GSB Defendants"), as articulated in (1) the suit styled *Acton v. Beduhn and Goppert Smith & Beduhn*, Civil Action No. 28930 (Dist. Ct. Cty. of Park, Wyo.) ("Acton Suit"), (2) the suit styled *Beemer v. Beduhn and Goppert Smith & Beduhn*, Civil Action No. 28931 (Dist. Ct. Cty. of Park, Wyo.) ("Beemer Suit"), and (3) the suit styled *Brown v. Beduhn and Goppert Smith & Beduhn*, Civil Action No. 28932 (Dist. Ct. Cty. of Park, Wyo.) ("Brown Suit", and together with Acton Suit and Beemer Suit, "Suits"), under two separate policies issued by ALPS to GSB—(1) Lawyers Professional Liability Insurance Policy No. ALPS7055-14 issued by ALPS to GSB for the policy period February 26, 2016 to February 26, 2017 ("2016 Policy"); and (2) Lawyers Professional Liability Insurance Policy No. ALPS7055-15 issued by ALPS to GSB for the policy period February 26, 2017 to February 26, 2018 ("2017 Policy" and together with 2016 Policy, "Policies"). The Suits were filed by Beduhn's former clients and allege (1) legal malpractice in connection with Beduhn's representation of a client in a domestic relations matter, (2) breach of fiduciary duties, and (3) breach of contract.

For reasons described in ALPS's Complaint (ECF No. 1), various conditions and exclusions in the Policies apply and the Policies do not afford coverage to the GSB Defendants for the Suits. In this action, ALPS seeks a declaratory judgment in its favor, pursuant to 28 U.S.C. § 2201, declaring (1) the 2016 Policy does not afford coverage to the GSB Defendants for the Suits and ALPS has no duty to defend or indemnify the GSB Defendants under the 2016 Policy, and (2) the 2017 Policy does not afford coverage to the GSB Defendants for the Suits and ALPS has no duty to defend or indemnify the GSB Defendants under the 2017 Policy.

(b) Beduhn's Defenses and Counterclaim: Beduhn filed an Answer to ALPS's Complaint and asserted the affirmative defenses of unclean hands, laches, waiver, and offset. (ECF No. 10). Beduhn also asserted a counterclaim against ALPS, in which he alleges breach of contract, breach of the duty of good faith and fair dealing, and breach of representations and warranties arising out of ALPS's denial of coverage for the GSB Defendants with respect to the Suits. (*Id.*).

(c) ALPS's Answer to Beduhn's Counterclaim: ALPS filed an Answer to Beduhn's Counterclaim and asserted the following affirmative defenses: (1) Beduhn's Counterclaim fails to state a claim upon which relief can be granted; and (2) Beduhn's Counterclaim is barred because, for the reasons described in ALPS's Complaint, the Policies do not afford coverage to the GSB Defendants for the Suits. (ECF No. 15).

(d) GSB's Defenses: GSB does not assert any affirmative defenses in GSB's Answer to ALPS's Complaint. (ECF No. 19). GSB denies any knowledge of the Claims prior to filing of the Suits. (*Id.*).

(e) **Acton, Beemer, and Brown Defenses:** Acton, Beemer, and Brown filed a joint Answer to ALPS's Complaint. (ECF No. 18). In their joint answer, Acton, Beemer, and Brown asserted the affirmative defenses of failure to state a claim, waiver, estoppel, laches, unclean hands, and ripeness.

4. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.

**Response**: Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. ALPS is an insurance company and corporation organized under the laws of the State of Montana with its principal place of business in Montana. All Defendants are citizens of Wyoming. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5. A list of any parties who have not been served, and an explanation of why they have not been served. Also a list of any parties who have been served, but have not answered or otherwise appeared.

**Response**: All Defendants have been served and have filed answers in this case.

6. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response**: ALPS does not anticipate adding additional parties to the case or amending ALPS's Complaint unless discovery reveals information requiring an amendment.

7. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response**: ALPS anticipates filing a dispositive motion pursuant to the deadlines set by this Court.

8. The nature and type of discovery each party intends to pursue and, whether discovery is an issue and whether the discovery should be limited in any manner.

**Response**: The parties do not anticipate extensive written discovery, but reserve the right to serve any discovery that may become necessary as the case progresses. The parties do not anticipate taking any fact depositions, but such depositions may become necessary as the case develops.

9. The status of related cases pending before other courts or other judges of this Court.

**Response**:

    a. Acton Suit – *Acton v. Beduhn and Goppert Smith & Beduhn*, Civil Action No. 28930 (Dist. Ct. Cty. of Park, Wyo.). Both Beduhn and GSB separately answered Acton's complaint, and Beduhn asserted a counterclaim. The Acton Suit is pending.

    b. Beemer Suit – *Beemer v. Beduhn and Goppert Smith & Beduhn*, Civil Action No. 28931 (Dist. Ct. Cty. of Park, Wyo.). Both Beduhn and GSB separately answered Beemer's complaint, and Beduhn asserted a counterclaim. The Beemer Suit is pending.

c. Brown Suit – *Brown v. Beduhn and Goppert Smith & Beduhn*, Civil Action No. 28932 (Dist. Ct. Cty. of Park, Wyo.). Both Beduhn and GSB separately answered Brown's complaint, and Beduhn asserted a counterclaim. The Brown Suit is pending.

10. Proposed specific dates for each of the following, keeping in mind that trial should occur within nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

    a. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

    **Response**: December 3, 2018.

    b. A deadline for the completion of fact discovery;

    **Response**: November 1, 2018.

    c. A deadline for filing dispositive motions;

    **Response**: November 1, 2018.

    d. A date for a dispositive motion hearing (the parties may choose not to have a hearing);

    **Response**: December 14, 2018 (or earlier, depending on when motions filed).

    e. A date for the final pretrial conference;

    **Response**: March 15, 2019; and

    f. A date for trial.

**Response**: April 2019.

11. The estimated length of trial and any suggestions for shortening the trial.

**Response**: The parties anticipate trial in this case will take 4-5 days.

12. The prospects for settlement, including any request of the Court for assistance in settlement efforts.

**Response**: The prospect for settlement discussions in this case is complicated by ALPS's inability to contact Beduhn at the mailing address, email address, and phone number listed on his Answer and Counterclaim (ECF No. 10).

13. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response**: None.


/s/                                                   August 1, 2018
Paul Kapp                                             Date
Patrick M. Brady
Sundahl, Powers, Kapp & Martin, LLC
*Counsel for Plaintiff*


/s/                                                   August 1, 2018
J. Travis Smith                                       Date
Goppert, Smith & Beduhn
*Counsel for Defendant Goppert, Smith & Beduhn*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2018, I caused the foregoing document to be served as follows:

| | |
|---|---|
| J. Travis Smith<br>Goppert, Smith & Beduhn<br>1309 Sheridan Avenue<br>P.O. Box 880<br>Cody, WY 82414<br>Jtsesp37@gmail.com<br>gsblawoffice@qwestoffice.net | [____] U.S. Mail<br>[__x_] E-File<br>[____] E-Mail<br>[____] Fax<br>[____] Hand Delivery<br>[____] Federal Express |
| Christopher J. King<br>Greear Clark King, P.C.<br>1112 Robertson Avenue<br>P.O. Box 552<br>Worland, WY 82401<br>chris@greearclarkking.com | [____] U.S. Mail<br>[__x_] E-File<br>[____] E-Mail<br>[____] Fax<br>[____] Hand Delivery<br>[____] Federal Express |
| Nick E. Beduhn<br>2013 Shoshoni Trail South<br>Cody, WY 82414 | [__x_] U.S. Mail<br>[____] E-File<br>[____] E-Mail<br>[____] Fax<br>[____] Hand Delivery<br>[____] Federal Express |

/s/
Patrick M. Brady